## MARKOWITZ v. KANNER et al.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—FORM.
    In an action in the Municipal Court against two defendants, a judgment for plaintiff, not specifying which defendant it was against, was erroneous in form.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—NECESSITY OF EVIDENCE TO SUPPORT JUDGMENT.
    In an action in the Municipal Court judgment could not be rendered against a defendant who failed to appear, where there was no evidence to show any cause of action against her.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—APPEARANCE—EFFECT.
    A Municipal Court had jurisdiction to render judgment against a defendant who was not served with summons, but who appeared personally at the trial and testified in his own behalf.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Markowitz against Joe Kanner and another. From a judgment for plaintiff, defendants appeal. Modified.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Harry Kempner, of New York City (Frank M. Franklin, of New York City, of counsel), for appellants.

Lester W. Eisenberg, of New York City, for respondent.

LEHMAN, J. [1-3] The plaintiff sues both defendants for goods sold and delivered. The summons was served only upon the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant Sarah Kanner, who failed to appear at the trial. The defendant Joe Kanner did not appear by counsel, but the record shows that he did appear personally at the trial, and testified in his own behalf. The plaintiff's evidence fails to show any cause of action against the defendant Sarah Kanner, but it does show a good cause of action against the defendant Joe Kanner. The trial justice at the close of the case entered judgment as follows: "Judgment for the plaintiff after trial for $28." This judgment is erroneous in form, since it does not state against which defendant it is found. Inasmuch, however, as there is absolutely no evidence against the defendant Sarah Kanner, no judgment against her was possible. On the other hand, the court had jurisdiction over Joe Kanner by reason of his appearance, and there is ample evidence to sustain a judgment against him.

Judgment should therefore be modified by providing that it is rendered only against the defendant Joe Kanner, and, as modified, affirmed, without costs to either party. All concur.